I,PER CURIAM
On September 7, 2000, this court issued a rule to show cause to Larry D. Jefferson, ordering him to show cause why he should not be ordered to withdraw his candidacy for election to the City Court of Monroe, and in the event he is ordered to withdraw and fails to comply, why this Court should not thereafter render judgment disqualifying him as a candidate for the office of Judge of the City Court of Monroe and ordering the removal of his name from the election ballot, and/or institute contempt proceedings for his non-compliance. Mr. Jefferson, through counsel, filed exceptions and motions to dismiss in response to the rule. The rule was heard on September 11, 2000. Mr. Jefferson appeared through his counsel, Paul Henry Kidd.
Having reviewed Mr. Jefferson’s exceptions and motions and finding no merit to these filings, it is ordered that all exceptions filed by Mr. Jefferson are overruled and all motions are denied.
Considering that in In re: Jefferson, 99-1313 (La.1/19/00), 753 So.2d 181, reh’g denied, 99-1313 (La.2/18/00), he was removed from office during the current term for which the present election was called, and considering Supreme Court Rule XXIII, § 26, as adopted February 3, 1997 and pre-cleared by the Justice Department on August 14, 2000, and this court’s authority to make rules to enforce its disciplinary authority over judges pursuant to La. Const. Art. V, § 25(C), and after hearing argument from Mr. Jefferson’s counsel, it is the judgment of this court that Mr. Jefferson be and hereby is ordered to withdraw as a candidate for Judge, Division “A,” Monroe City Court by 2:00 p.m. on Tuesday, September 12, 2000. In the event Mr. Jefferson fails to withdraw by this time, the Secretary of State is ordered to remove his name from the ballot. Any rehearing of this order shall be filed no later than 12:00 p.m. on Tuesday, September 12, 2000.
LEMMON, J., concurs and assigns reasons.
JOHNSON, J., concurs and will assign reasons.